# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

STEPHANIE AUDRA ALBURY,
Plaintiff,

v.                                      CASE No. 8:26-cv-379-JLB-TGW

FRONTIER AIRLINES INC et al.,
Defendants.

_____

## REPORT AND RECOMMENDATION

The plaintiff filed an Amended Complaint for Damages and Demand for Jury Trial (Doc. 12) and an Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 13) seeking a waiver of the filing fee. The complaint does not comply with the Federal Rules of Civil Procedure and fails to state a claim upon which relief may be granted. Accordingly, I recommend that the plaintiff's Amended Complaint for Damages and Demand for Jury Trial (Doc. 12) be dismissed with prejudice.

I.

The federal statute governing a litigant's ability to proceed without prepaying filing fees, 28 U.S.C. § 1915(a)(1), is intended to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989). Accordingly, the statute permits a

litigant to commence a civil action without prepayment of fees if the plaintiff submits an affidavit that includes a statement of all assets demonstrating an inability to pay the filing fee and a statement of the nature of the action showing that the plaintiff is entitled to relief.

Congress recognized that, unlike a paying litigant, an indigent litigant lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. *Id.* Accordingly, even if a plaintiff establishes indigency, the court must dismiss the case if it determines that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). "Unsupported conclusory factual allegations also may be 'clearly baseless.'" Craven v. Florida, No. 6:08-cv-80-Orl-19GJK; 2008 WL 1994976 at *4 (M.D. Fla. May 8, 2008), adopted at *2. To state a claim for relief, a complaint must allege sufficient facts to permit the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

The Court liberally construes pro se pleadings. <u>Tannenbaum</u> v. <u>United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998). However, a pro se pleading "must still comply with procedural rules governing the proper form of pleadings." <u>Hopkins</u> v. <u>St. Lucie Cnty. Sch. Bd.</u>, 399 Fed. Appx. 563, 565 (11th Cir. 2010). Thus, a court will not "rewrite an otherwise deficient pleading in order to sustain an action." <u>Campbell</u> v. <u>Air Jamaica Ltd.</u>, 760 F.3d 1165, 1169 (11th Cir. 2014) (citation omitted).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each claim includes specific elements that a plaintiff must establish to demonstrate a legal violation. If a plaintiff fails to allege facts supporting any required element, the claim fails as a matter of law. Merely, reciting the elements of a cause of action, without factual support, is insufficient. Instead, a plaintiff must allege specific facts showing that each element of the claim is satisfied.

## II.

The complaint is substantively and procedurally deficient because the complaint fails to state a cognizable claim. <u>See</u> <u>Watts</u> v. <u>Florida International University</u>, 495 F.3d 1289, 1295-96 (11th Cir. 2007). First, it does not comply with the Federal Rules of Civil Procedure. Specifically,

3

Federal Rule of Civil Procedure 10(b) requires the plaintiff to plead discrete claims in separate counts and identify in separate numbered paragraphs the pertinent facts supporting that claim. See McNeil v. United States, 508 U.S. 106, 113 (1993) (pro se litigants must comply with procedural rules that govern pleadings). For instance, count one the plaintiff titles "Claim of Stephanie Audra Albury, Individually Against Frontier Airlines Inc. Frontier Group Holdings Inc." (Doc. 12, p. 7) but fails to state a legal claim.

Additionally, the complaint fails to comply with Federal Rule of Civil Procedure 8(a)(2) which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint consists largely of vague and conclusory allegations that fail to state a claim upon which relief can be granted. For example, the plaintiff appears to assert a negligence claim against the airline yet fails to allege sufficient facts to support such a claim. The plaintiff alleges that the defendants "failed to ensure that the pilot in command of its aircraft was appropriately trained and tested in knowledge of recognizing and avoiding severe weather situations," and that defendants' "employees and or agents failed to utilize turbulence detection equipment" (Doc. 12, p. 6). However, the plaintiff provides no factual support for these allegations. Furthermore, the plaintiff broadly asserts that the "Defendants FRONTIER AIRLINES acts and or omissions

constitute Negligence and careless or reckless conduct" (Doc. 12, p. 7) but fails to identify with specificity the acts or omissions allegedly committed by the defendants. Turbulence encountered during air travel does not establish negligence. The amended complaint contains no factual allegations demonstrating that the defendants breached any duty or otherwise acted negligently.

III.

When a complaint is dismissed as deficient, a <u>pro</u> <u>se</u> plaintiff must generally be given one chance to amend her complaint. <u>Silva</u> v. <u>Bieluch</u>, 351 F.3d 1045, 1048-49 (11th Cir. 2003). This plaintiff was given an opportunity to amend her complaint from the text order (Doc. 11) entered by Judge John Badalamenti on April 17, 2026. Nevertheless, the amended complaint does not allege a viable claim. Therefore, I recommend that the Amended Complaint for Damages and Demand for Jury Trial (Doc. 12) be dismissed with prejudice and the Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 13) be denied.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

5

DATED: May 25, 2026.

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). Under 28 U.S.C. § 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.